1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7

FILMKRAFT PRODUCTIONS INDIA
PVT LTD.,

2:08-CV-1293 JCM (GWF)

8
9

Plaintiff,

10

v.

11

SPEKTRUM ENTERTAINMENT,
INC., et al.,

12
13

Defendants.

14
15

**ORDER**

16          Presently before the court is defendants Bina Shah's, Raj Shah's, and Spektrum

17   Entertainment, Inc.'s former attorney Duane Frizell's motion to adjudicate attorney's lien and reduce

18   attorney's lien to judgment. (Doc. #171). Responses were due by August 27, 2010. To date, no party

19   has filed any document related to the motion.

20          On November 13, 2010, movant Frizell made his first appearance in this court on behalf of

21   the defendants. (Doc. #57). Thereafter, on November 25, 2010, the court granted defendants' counsel

22   of record, Theodore Parker III's, motion to withdraw as attorney. Movant Frizell continued to

23   represent the defendants through April 15, 2010, when this court ultimately granted Frizell's motion

24   to withdraw as attorney of record (doc. #112). (Doc. #131).

25          Frizell now comes before the court stating that defendants are past due on invoices for

26   professional services rendered in the instant action. On August 9, 2010, movant served a notice of

27   lien for attorney's fees (doc. #147) in the amount of $28,988.94 upon defendants by express mail.

28

**James C. Mahan**
**U.S. District Judge**

1   Movant alleges that, despite these efforts, defendants still refuse to pay for legal services rendered

2   on their behalf. Accordingly, Mr. Frizell has filed the instant motion.

3   **I.     JURISDICTION**

4          This court has subject matter jurisdiction over the instant case pursuant to 28 U.S.C. § 1332,

5   because the parties are of diverse citizenship and the amount in controversy exceeds $75,000. (Doc.

6   #1, compl. ¶ 1). The court also has supplemental jurisdiction over "all other claims that are so related

7   to claims in the action within such original jurisdiction that they form part of the same case or

8   controversy. . . ." 28 U.S.C. § 1367(a). Here, the court finds that the instant motion is so related to

9   the action at hand such that the exercise of supplemental jurisdiction would be proper.

10  **II.    ATTORNEY'S LIEN**

11         Nevada recognizes two kinds of attorney's liens: (1) a special "charging lien" created by

12  statute, which attaches to the judgment or settlement that the attorney obtained for the client, *see*

13  NRS 18.015; and (2) a common law "retaining lien," which allows a discharged attorney to withhold

14  the client's file and other property until the court, at the request or consent of the client, adjudicates

15  the client's rights and obligations with respect to the lien, *Argentena Consol. Min. Co. v. Jolley Urga*

16  *Wirth Woodbury & Standish*, 216 P.3d 779, 784 (Nev. 2009). Each is discussed below in the context

17  of this motion.

18         A.    Charging Lien

19         Although the movant characterizes his motion as arising under NRS 18.015, he has no basis

20  for asserting a charging lien, as the defendants' answers and counterclaims were stricken. As

21  defendants will obtain no affirmative recovery in the underlying action, Frizell, as their former

22  attorney, will be unable to retain a charging lien on the underlying action.

23         B.    Retaining Lien

24         Inasmuch as the instant motion requests adjudication of a retaining lien, the court is unable

25  to provide relief. The Nevada Supreme Court has held that "a retaining lien is a passive lien that

26  cannot be actively enforced by the attorney in judicial proceedings." *Id.* (citing *Figliuzzi v. District*

27  *Court*, 890 P.2d 798, 801 (Nev. 1995)). Rather, the client determines whether it wants to extinguish

28

**James C. Mahan**
**U.S. District Judge**

1   the lien by requesting that the court compel delivery of the client's files in return for providing

2   adequate security. *Id.* Until this time, "the attorney may keep possession of the former client's files[,]

3   and the attorney's recourse is to file a separate action to recover for the services expended on behalf

4   of the former client." *Id.*

5       Here, the clients-defendants have neither requested nor consented to the district court's

6   adjudication of a retaining lien. Furthermore, the Nevada Supreme Court has rejected *Gordon v.*

7   *Stewart*, 324 P.2d 234 (Nev. 1958), cited by the movant, to the extent that it held that the district

8   court has "the power to resolve a fee dispute in the underlying action irrespective of whether the

9   attorney sought adjudication of a lien." *Argentena*, 216 P.3d at 786.

10      Rather, the Nevada Supreme Court has held that in a situation like this where an attorney

11  does not have an enforceable charging lien, and where a client does not move the court to resolve

12  the retaining lien, "the proper method by which the attorney should seek adjudication of the fee

13  dispute is an action against his or her former client *in a separate proceeding*." *Id.* at 787 (emphasis

14  added). We find this precedent controlling under the facts of this case,[1] and decline to adjudicate the

15  motion.

16      C.    Fee Dispute as Incidental to the Underlying Action

17      To the extent that movant requests the court adjudicate the fee dispute outside of the above

18  described lien context, the motion is also denied. The Nevada Supreme Court in *Argentena* rejected

19  this approach: "[t]o the extent that the *Sarman* court held that a court has 'incidental jurisdiction'

20  to resolve an attorney-client fee dispute regardless of whether a valid lien existed, we conclude that

21  the *Sarman* opinion is overbroad." 216 P.3d at 785.

22

23      [1] The court notes that the holding in *Argentena,* where the court declined to adjudicate the
    fee dispute, was based in part on the fact that the client in that case had also asserted a legal
24  malpractice claim against the fee-seeking attorney. While that factor is not present here, the court
    concludes that its absence is not dispositive. In *Argentena*, the court first stated that "absent an
25  enforceable charging lien or the client's request or consent to the district court's adjudication, the
26  district court is without jurisdiction to adjudicate an attorney-client fee dispute in the underlying
    action." 216 P.3d at 781. Only then did the court go on to list the malpractice action as an
27  aggravating factor specific to that case, stating it is "particularly inappropriate  to summarily
    adjudicate a fee dispute" in that scenario. *Id.*
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    The *Argentena* court also rejected a similar holding in the *Gordon* opinion cited by the

2    movant: "[i]n reviewing the *Gordon* opinion, however, like the *Sarman* court, the *Gordon* court

3    conflated statements made in *Earl v. Las Vegas Auto Parts*[, 307 P.2d 781 (Nev. 1957)] . . . and

4    improperly extended the *Earl* court's holding." *Id.* at 785–86. Rather, it is only in the charging lien

5    context that a court has incidental jurisdiction to resolve a fee dispute. *Id.* at 786.

6    Here, as in *Gordon*, which the *Argentena* court overruled, there is no charging lien, and the

7    attorney voluntarily withdrew as counsel of record (*see* doc. #112). Furthermore, the clients-

8    defendants have not consented to or requested the court's adjudication of a retaining lien. Thus, this

9    court is without jurisdiction to adjudicate the instant motion.

10    Accordingly,

11    IT IS HEREBY ORDERED, ADJUDGED AND DECREED that movant Duane Frizell's

12    motion to adjudicate attorney's lien and reduce attorney's lien to judgement (doc. #171) is DENIED.

13    DATED this 2nd day of December, 2010.

14

15    _____

16    **UNITED STATES DISTRICT JUDGE**

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 4 -