# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FILMKRAFT PRODUCTIONS INDIA PVT LTD.,

        Plaintiff,

v.

SPEKTRUM ENTERTAINMENT, INC., et al.,

        Defendants.

2:08-CV-1293 JCM (GWF)

## ORDER

Presently before the court is defendants Bina Shah's and Raj Shah's motion to dismiss for lack of jurisdiction. (Doc. #179). The plaintiff has responded (doc. #183), and the defendants have replied (doc. #185).

Also before the court is defendants Bina Shah's, Raj Shah's, and Spektrum Entertainment, Inc.'s motion for relief from judgment and to alter or amend judgment. (Doc. #181). The plaintiff has responded (doc. #184), and the defendants have replied (doc. #186).

Also before the court is plaintiff FilmKraft Productions India PVT Ltd.'s motion to strike. (Doc. #183), to which the defendants have responded (doc. #185). No reply has been filed.

Finally before the court is plaintiff FilmKraft Productions India PVT Ltd.'s motion for sanctions (doc. #187). The defendants have responded (doc. #186), and the plaintiff has replied (doc. #190).

**James C. Mahan**
**U.S. District Judge**

## I. Background

The instant action arises from a contract dispute between plaintiff FilmKraft Productions and defendant Spektrum Entertainment for services related to the production of a motion picture. Plaintiff FilmKraft filed the instant suit against defendant Spektrum Entertainment, Inc., and its principal Raj Shah and officer Bina Shah alleging: (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) intentional interference with contractual relations, (4) conversion, (5) intentional misrepresentation, and (6) alter ego.

Defendant Spektrum filed its answer and counterclaim (doc. #25) on January 29, 2009, and the Shahs filed their answer and counterclaim (doc. #29) on February 9, 2009. On May 20, 2010, the plaintiff filed an emergency motion for order to show cause why defendants should not be held in contempt of court for their violations of the preliminary injunction (doc. #137), which the court granted and set for hearing (doc. #154). When the defendants did not appear, the court held defendants in contempt, entered default judgment against them, converted the preliminary injunction into a permanent injunction, and ordered their answers stricken (doc. #161).

Following the entry of clerk's judgment against them (doc. #164), on January 23, 2011, the defendants filed a motion to dismiss for lack of jurisdiction (doc. #179), which the plaintiff moves to strike (doc. #183). The following day, this court entered final judgment in favor of FilmKraft (doc. #180), and defendants responded by filing a motion for relief from the final order of judgment (doc. #181).

## II. Motion To Strike (Doc. #183)

The plaintiff moves the court to strike the motion to dismiss as a "rogue and fugitive document." (Doc. #183). Defendants contend that the Shahs' continuous disregard for the orders of the court warrants upholding the judgment already imposed in this case. Although the court agrees that the Shahs have displayed blatant disrespect, the court is without authority to issue judgment against the defendants absent the requisite jurisdiction.

Furthermore, the court is without authority to sanction the defendants for not having raised the issue sooner, as questions of jurisdiction may be raised at any time in the proceedings. *See*

1  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 ("Objection that federal court lacks subject-matter
2  jurisdiction may be raised by party . . . at any stage in the litigation, even after trial and entry of
3  judgment."). Accordingly, the court denies the motion to strike and considers the motion to dismiss
4  on its merits.

5  **II.     Motion To Dismiss (Doc. #179) And Motion to Alter/Amend Judgment (Doc. #181)**

6         Defendants Bina and Raj Shah move the court to dismiss the case against them for lack of
7  jurisdiction. (Doc. #179).[1] The Shahs argue that because they are both citizens of Canada and
8  plaintiff FilmKraft is a resident of India, there is no basis for diversity jurisdiction. *See Cheng v.*
9  *Boeing Co.*, 708 F.2d 1406, 1412 (9th Cir. 1983) ("Diversity jurisdiction does not encompass foreign
10 plaintiffs suing foreign defendants. 28 U.S.C. § 1332."). Although defendant Spektrum is a Nevada
11 corporation, its presence does not salvage diversity jurisdiction because the case nonetheless
12 involves suit by a foreign plaintiff against foreign defendants, and diversity must be complete. *See*
13 *Nike, Inc. v. Comercial Iberia de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 991 (9th Cir. 1994)
14 (finding that Nike's presence as a plaintiff did not salvage jurisdiction by a foreign plaintiff against
15 a foreign defendant).

16         The plaintiff opposes the motion to dismiss for several reasons. First, plaintiff argues that the
17 Shahs should be considered residents of California because at least one of them has a California
18 driver's license, they have a California address, a California telephone number, and were served in
19 California. Plaintiff also cites deposition testimony of each defendant, wherein they stated that they
20 visited Canada during the pendency of this suit only for vacation travel.

21         Although the court agrees that the Shahs most likely resided in California during the relevant
22 time period, that is not the test for diversity jurisdiction, which instead inquires as to the

---

[1] Although the docket notes that the motion to dismiss for lack of jurisdiction was filed jointly by the Shahs and Spektrum, the substance of the motion refers only to the Shahs. Additionally, Spektrum is admittedly a Nevada company, and the arguments contained in the motion to dismiss relate to the Shah's Canadian citizenship. Accordingly, the arguments are inapplicable to Spektrum.

**James C. Mahan**
**U.S. District Judge**

- 3 -

"citizenship" of the party. 28 U.S.C. § 1332(a). "To be a citizen of a state, a natural person must first be a citizen of the United States." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Only after establishing that the party is a citizen of the United States does the court ask where the party is "domiciled" to establish state citizenship. *See id.* ("The natural person's state citizenship is then determined by her state of domicile, not her state of residence.").

The objective evidence indicates that the Shahs were not American citizens. First, the Shahs have presented copies of their passports, which list their nationality as "Canadian" and state that "[t]he bearer of this passport is a Canadian citizen." (Doc. #179, ex. A, B).[2] Second, the Shahs have produced portions of their deposition testimony confirming their entry into the United States under the O2 work visas, which would not be necessary if they were American citizens.[3] The court is thus satisfied that the Shahs are aliens for jurisdictional purposes, regardless of where they were domiciled at the time of filing.

Plaintiff also urges the court to apply the exception that diversity jurisdiction does not encompass foreign plaintiffs suing defendants who are also permanent United States residents. *See* 28 U.S.C. § 1332(a) ("[A]n alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled."). Being "lawfully admitted for permanent residence means the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws." 8 C.F.R. § 1.1(p).

The exception is inapplicable to the Shahs. As noted above, the Shahs entered the United

---

[2] Raj Shah's passport (doc. #179, ex. A) has been properly authenticated by Mr. Shah's declaration attached to the motion to dismiss. Bina Shah's passport (doc. #179, ex. B) has been properly authenticated by way of Ms. Shah's declaration also attached to the motion.

[3] Although the Shahs have not produced authenticated copies of the deposition transcript, an edited, authenticated version was provided by plaintiff's counsel. Accordingly, the court finds it proper to admit other portions of that recorded statement. *See* FED. R. EVID. 106 (allowing introduction of another part of a recorded statement once introduced by an adverse party, which ought in fairness to be considered contemporaneously with it).

James C. Mahan
U.S. District Judge

- 4 -

1  States under O2 work visas, rather than pursuant to permanent resident cards. The plaintiff, upon
2  whom the burden of proof falls, has presented no evidence indicating that the Shahs ever obtained
3  permanent resident status. *See Kanter*, 265 F.3d at 857–58 (holding that the party asserting diversity
4  jurisdiction bears the burden of proof).

5  Accordingly, the court finds that the presence of the Shahs in this case would destroy
6  diversity jurisdiction, as it involves a foreign plaintiff, India based FilmKraft, suing two foreign
7  defendants, the Shahs. The presence of Nevada-based defendant Spektrum does not cure this
8  deficiency. *See Nike, Inc.*, 20 F.3d at 991 (finding that Nike's presence as a plaintiff did not salvage
9  jurisdiction by a foreign plaintiff against a foreign defendant because diversity must be complete);
10 *see also Faysound Ltd. v. United Coconut Chem., Inc.*, 878 F.2d 290, 294 (9th Cir. 1989) (holding
11 that the presence of a citizen defendant does not save jurisdiction as to an alien defendant in an
12 action brought by an alien plaintiff).

13 Having found that the court is without jurisdiction over the case with the Shahs named as
14 parties, the issue thus becomes whether the Shahs are indispensable or merely necessary: "Where
15 an alien is made co-defendant with a citizen-defendant by an alien plaintiff . . . there is no
16 jurisdiction over the alien. If the alien defendant is indispensable . . . there is no jurisdiction at all."
17 *Faysound*, 766 F.2d at 294. Accordingly, if the Shahs are indispensable parties, the entire suit must
18 be dismissed; however, if they are merely necessary parties, the court may dismiss the Shahs only
19 and proceed with the case as to the remaining defendant, Spektrum.

20 Federal Rule of Civil Procedure 19(a), describing "necessary" parties, provides that, where
21 joinder is feasible:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (I) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

**James C. Mahan**
**U.S. District Judge**

- 5 -

1  Where joinder is not feasible, but the part is a necessary party under Rule 19(a), "the court must
2  determine whether, in equity and good conscience, the action should proceed among the existing
3  parties or should be dismissed." *Id.* Rule 19(b) lists factors for the court to consider in determining
4  whether a part is "indispensable," including: "(1) the extent to which a judgment rendered in the
5  person's absence might prejudice that person or the existing parties; (2) the extent to which any
6  prejudice could be lessened or avoided by: (A) protective provisions in the judgment, (B) shaping
7  the relief, or (C) other measures; (3) whether a judgment rendered in the person's absence would be
8  adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed
9  for nonjoinder." *Id.*

10  The court finds that the Shahs are necessary parties, because their absence may impede the
11  plaintiff's ability to protect its interests in this case. FED. R. CIV. P. 19(a)(B)(I). However, the court
12  finds that the Shahs are not indispensable parties. Although their presence destroys diversity,
13  meaning joinder is not feasible, a balancing of the factors listed in Rule 19(b) indicates that it would
14  be inequitable to dismiss the entire suit at this late stage. Therefore, the motion to dismiss for lack
15  of jurisdiction is granted as to the Shahs and the motion to alter/amend judgment as to the Shahs is
16  denied as moot. Judgment shall stand as to Nevada-based defendant Spektrum, over which the court
17  in fact has jurisdiction, and the motion to alter/amend judgment as to Spektrum is denied.

18  **IV.    Motion For Sanctions (Doc. #184)**

19  Plaintiff requests that the court issue monetary sanctions against Raj and Bina Shah, as agents
20  of Spektrum, for their violations of the preliminary injunction (doc. #126). Plaintiff contends that
21  the Shahs interfered with the release, marketing and distribution of the movie *Kites* in India, by
22  sending letters to television networks in India, falsely claiming a copyright in *Kites* and threatening
23  to sue if the networks continued to promote the movie. Following issuance of the injunction, plaintiff
24  alleges that defendants moved the Munsif Count in India to obtain a restraining order to prevent the
25  release of *Kites*. Even if the Shahs are dismissed from the underlying action, plaintiff contends that
26  this court may still hold them in contempt for these actions because they knowingly aided or abetted

27
28

**James C. Mahan**
**U.S. District Judge**

- 6 -

1  the enjoined party, Spektrum, in transgressing a court order.

2  The court agrees with plaintiff that the sanctions already imposed in this case should be upheld, and the Shahs should be required to pay plaintiff's reasonable attorneys' fees and costs as originally mandated. (*See* doc. #163). Although the Shahs must be dismissed from the underlying action, the court is still with authority to sanction them for aiding defendant Spektrum in continuing to violate this court's orders. *See Goya Foods, Inc. v. Wallack Mgmt. Co.*, 290 F.3d 63, 75 (1st Cir. 2002) (non-parties are not inoculated against charges of civil contempt if in active concert with the party enjoined). However, the court declines to impose additional monetary sanctions in the full amount of the judgment.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss for lack of jurisdiction (doc. #179) is GRANTED and the case is dismissed as to defendants Raj Shah and Bina Shah;

IT IS FURTHER ORDERED that defendants' motion for relief from judgment (doc. #181) is hereby DENIED as to defendant Spektrum and DENIED as moot as to the Shahs;

IT IS FURTHER ORDERED that plaintiff's motion to strike (doc. #183) is hereby DENIED;

IT IS FURTHER ORDERED that plaintiff's motion for monetary sanctions in the full amount of the judgment (doc. #187) is hereby DENIED;

IT IS FURTHER ORDERED that defendants Raj and Bina Shah shall be liable for the plaintiff's reasonable attorneys' fees and costs as originally outlined in this court's order on the motion for order to show cause (doc. #163).

DATED this 8th day of April, 2011.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 7 -