**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FILMKRAFT PRODUCTIONS INDIA PVT LTD., <br><br>         Plaintiff, <br><br> v. <br><br> SPEKTRUM ENTERTAINMENT, INC., et al., <br><br>         Defendants. | 2:08-CV-1293 JCM (GWF) |

**ORDER**

Presently before the court is plaintiff FilmKraft's proposed second amended final judgment. (Doc. #194). Defendants Bina and Raj Shah have objected to paragraph K of the proposed order, which sanctions the Shahs in the form of joint and several responsibility for paying plaintiff's reasonable attorneys' fees and costs.

In the objection, defendants argue that the award of attorneys' fees against the Shahs amounts to a sanction for criminal contempt, the imposition of which requires a jury trial. (Doc. #195). In support of their objection, the Shahs cite *United States v. Rylander*, which holds that "[t]here is a sixth amendment right to a trial by jury in serious, but not petty, criminal contempt cases." 714 F.2d 996, 1005 (9th Cir. 1983). Alternatively, the Shahs argue that costs, if awarded, should be limited to those associated with the alleged contempt. The court addresses and rejects each of the two objections below.

**James C. Mahan**
**U.S. District Judge**

**I.     Civil Versus Criminal Contempt**

The award of attorneys' fees here constitutes a sanction for civil rather than criminal contempt, as it is meant to compel compliance with the court-ordered preliminary injunction. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994) (penalties designed to compel future compliance with a court order may be imposed in ordinary civil proceeding and neither a jury trial nor proof beyond a reasonable doubt is required). Accordingly, the issue is not whether the sanction constitutes criminal contempt requiring a jury trial, but whether the court has jurisdiction to sanction the Shahs after dismissing them from the suit (*see* doc. #191). For the reasons stated below, the sanction shall stand, and the court overrules the objection.

    (1)    <u>Subject Matter Jurisdiction Over the Enforcement of the Preliminary Injunction</u>

The court has jurisdiction to impose sanctions on the Shahs, even though the Shahs have been dismissed from the case. (Doc. #191). "District courts do, and must, have the authority to punish contemptuous violations of their orders. 18 U.S.C. § 401." *Reebok v. McLaughlin*, 49 F.3d 1387, 1390 (9th Cir. 1995). This inherent authority provides a district court with subject matter jurisdiction to determine whether a preliminary injunction has been violated. *See id.* (discussing the rule the context of enforcing a temporary restraining order).

    (2)    <u>Civil Contempt Orders Against Non-Parties</u>

The court has dismissed the Shahs as parties from the action on jurisdictional grounds. (Doc. #191). However, "[n]on-parties may be held in civil contempt of a court ordered injunction on the grounds that they are either: (1) successors in interest to parties bound by the order or (2) aiders and abettors to a violation of the order by a party thereto." *Red 1 Inv., Inc. v. Amphion Int'l Ltd.*, 2007 WL 3348594, *2 (E.D. Wash. Nov. 9, 2007) (citing *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14 (1945)). Federal Rule of Civil Procedure 65 codifies this common law rule, providing that orders are binding upon parties to the order and their officers, agents, servants, employees, and attorneys, and upon those parties who are in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

. . .

James C. Mahan
U.S. District Judge

- 2 -

1    Here, the Shahs were originally named in the order granting the preliminary injunction (doc.
2  #126).[1] Thus, even though the Shahs have subsequently been dismissed as parties to this action, the
3  Shahs had knowledge of the injunction, and the court has already held that the Shahs knowingly
4  violated that order.[2] Furthermore, even if the Shahs' dismissal were to effectively erase their names
5  from the order granting the injunction, under Rule 65 the Shahs would nonetheless constitute
6  enjoined parties. (*See* doc. #1 (stating the Raj Shah is a principal of Spektrum and Bina Shah is an
7  officer of Spektrum)). Accordingly, both the preliminary injunction (doc. #126) and the sanctions
8  related to violations of the preliminary injunction (docs. #163, 191) are binding on the Shahs equally
9  as either parties or non-parties.

10              (3)     Personal Jurisdiction over the Shahs

11   For a defendant to be subject to general personal jurisdiction, the defendant must have such
12  continuous and systematic contacts with the forum that the exercise of jurisdiction does not offend
13  traditional notions of fair play and substantial justice. *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d
14  1482, 1485 (9th Cir. 1993). Where such contacts do not exist, a court may exercise specific personal
15  jurisdiction over a defendant, which is determined by a three- part test: (1) the defendant must
16  purposefully direct his activities at the forum or purposefully avail himself of the privilege of
17  conducting activities in the forum; (2) the claim must arise out of or relate to the defendant's forum-
18  related activities; and (3) exercising jurisdiction must comport with the notions of fair play and
19  substantial justice. *Id.*

20   Here, the court does not find sufficient basis to exercise general personal jurisdiction over
21  the Shahs. However, the court does find that the Shahs are subject to specific personal jurisdiction

---

[1] The preliminary injunction here (doc. #126) enjoined "[d]efendants and their members, managers, employees, partners, employees, attorneys, affiliates, successors, and/or agents" from interfering with the release, marketing, and distribution of the movie *Kites*. "Defendants" are identified in the first paragraph as being Spektrum Entertainment, Inc., Raj Shah, and Bina Shah.

[2] On July 9, 2010, this court held that the Shahs and Spektrum were in violation of the preliminary injunction and were therefore held in contempt of court.  (Doc. #163).

**James C. Mahan**
**U.S. District Judge**

- 3 -

based on their having aided and abetted defendant Spektrum in contravening this court's preliminary injunction.

The Ninth Circuit has held that "the 'essential contact' giving rise to personal jurisdiction" in a case where a non-party assists an enjoined party in violating an injunction is the assistance in violating the injunction itself. *Reebok*, 49 F.3d at 1391. As the Fifth Circuit has noted, "[w]hen [respondents] knowingly participated in [defendant's] scheme . . . they equally knowingly subjected themselves to the jurisdiction of that court." *Waffenschmidt v. MacKay*, 763 F.2d 711, 717 (5th Cir. 1985). The Ninth Circuit has agreed with the Fifth Circuit's analysis, noting that a knowing violation of a forum's injunction creates the requisite foreseeability of litigating in that forum. *Reebok*, 49 F.3d at 1391. The action of violating the injunction thus arises out of forum-related activity and satisfies the fair play and substantial justice test, creating a basis for the exercise of personal jurisdiction.

However, there are limits to the court's inherent power to enforce an injunction. In *Reebok*, for example, the plaintiff obtained a temporary restraining order ("TRO"), issued by a district court in California, against "the defendants and their officers, servants, employees and agents and any persons in active concert or participation with them" from "transferring, disposing of, or secreting any money, stocks, or other assets of these defendants without prior approval of the court." *Id.* at 1389.

Subsequently, "BIL," a banking corporation in Luxembourg with no physical or business presence in California, violated the terms of the TRO by releasing funds to the *Reebok* defendant. Reebok brought a contempt motion against BIL; however, the court denied the motion because BIL did not have the requisite intent under Rule 65(d): "BIL was prohibited by Luxembourg banking secrecy laws from informing Reebok of Ms. McLaughlin's efforts to remove the funds . . . [and] was also compelled by Luxembourg law to release funds upon proper requests from depositors." *Id.* At no time did the TRO become an enforceable judgment or attachment under Luxembourg law. *Id.*

On these facts, the Ninth Circuit concluded that the strength of the argument for allowing a court to enforce its injunction beyond its territorial jurisdiction "begins to crumble when a district

1  court seeks to reach out across the Atlantic in an attempt to impose conflicting duties on another
2  country's nationals within its own borders." *Id.* at 1391–92. The rationale behind *Reebok* is
3  essentially that "one state cannot require a person 'to do an act in another state that is prohibited by
4  the law of that state or by the law of the state of which he is a national,' nor can the person be
5  required to refrain from an act that is required." *Id.* (citing Restatement (Third) of the Foreign
6  Relations Law of the United States § 441(1)(a) (1987)).

7  Although the Shahs are Canadian nationals rather than American citizens, the court finds that
8  *Reebok* analysis does not apply to preclude the exercise of jurisdiction here. The Shahs, unlike BIL
9  in *Reebok*, were originally parties to the suit and were named in the preliminary injunction.
10 Furthermore, this court has already issued an order finding that the Shahs knowingly violated the
11 injunction in contravention of Rule 65(d). Finally, the enforcement of the injunction and the
12 sanctioning of the Shahs do not violate any Canadian law, unlike in *Reebok*. Accordingly, the
13 exercise of jurisdiction here is proper, and the defendants' objection to the imposition of contempt
14 sanctions is overruled.

## II. Limitation of Sanction

16 If imposed at all, the Shahs request that the sanction be limited to fees and costs associated
17 with the Shahs' alleged contempt for violating the court's preliminary injunction. Other fees and
18 costs related to plaintiff's prosecution of the entire action should be excluded.

19 The court disagrees. In the original sanction (doc. #163), the court ordered that "[d]efendants
20 shall pay [p]laintiff's reasonable attorneys' fees and costs incurred in connection with the filing of
21 the instant action, [and] enforcing the orders of this [c]ourt." The sanction was not limited to costs
22 related to the alleged contempt. Accordingly, the court sees no reason to so limit the sanction in the
23 final judgment.

24 Accordingly,

25 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Shah defendants
26 objection (doc. #195) to the proposed second amended final judgment (doc. #194) be, and the same

**James C. Mahan**
**U.S. District Judge**

- 5 -

1  hereby is, OVERRULED.

2  DATED this 14th day of July, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -